UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JESUS ORLANDO LOPEZ, | ) | |
| Institutional ID No. 20396-298, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-017-BG |
| R. MOSES, | ) | ECF |
| Official of Giles W. Dalby CF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.   Procedural History**

Plaintiff Jesus Orlando Lopez filed this action on February 3, 2012, complaining of events that occurred during his incarceration at Giles W. Dalby Correctional Facility. Thereafter, Lopez was released from the prison and filed a notice of change of address on February 13, 2012. On February 17, 2012, the United States District Court entered an order permitting Lopez to proceed *in forma paupers* and an order reassigning the case to the undersigned United States Magistrate Judge. Both orders were sent to Lopez's new address but both orders were returned as undeliverable.

On February 22, 2012, the undersigned entered an order requiring Lopez to complete a questionnaire within thirty days from the date of the order. As of this date, Lopez has not responded to the order to complete the questionnaire, and there has been no further docket activity in this action. Further, as of this date, Plaintiff has not informed the court of his new address.

## II.   Recommendation

District courts have inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Plaintiff's Complaint for want of prosecution.

## III.   Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   April 12, 2012.

NANCY M. KOENIG
United States Magistrate Judge